## Michael J. Collins et al., Appellants, v. McVickers Theater Company, Appellee.

### Gen. No. 22,582.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. FRED-ERICK A. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Affirmed. Opinion filed July 19, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Bill by Michael J. Collins and others, as and comprising the Board of Education of the City of Chicago, complainants, against the McVickers Theater Company, defendant, to set aside or reform an appraisal of the fair cash value of certain school fund property. From a decree dismissing the bill for want of equity, complainants appeal.

ANGUS ROY SHANNON, for appellants; CHAUNCEY M. MILLAR and JOHN E. FOSTER, of counsel.

RYAN, CONDON & LIVINGSTON, for appellee; ANDREW J. RYAN and IRVIN I. LIVINGSTON, of counsel.

MR. JUSTICE MCDONALD delivered the opinion of the court.

### Abstract of the Decision.

1. LANDLORD AND TENANT, § 293*—*when appraisers may consider effect of lease with revaluation clause upon value of land.* Under the provisions in a lease of school fund property providing for revaluation every ten years by a board of appraisers and authorizing the appraisers, in ascertaining the fair cash value of the land, to take into consideration certain enumerated items and "any other facts or information, from whatever source, bearing upon the question of the actual value of said land, the appraisers have the right to take into

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

consideration the effect, if any, of the lease with the ten-year revaluation clause, upon the fair cash value of the land.

2. LANDLORD AND TENANT, § 294*—*when award of appraisers fixing value of premises not disturbed.* An award of appraisers fixing the fair cash value under the terms of a lease providing for revaluation of premises will not be disturbed, in the absence of mistake or fraud.

3. LANDLORD AND TENANT, § 294*—*when admissions of appraiser are insufficient to impeach appraisal.* Admissions by one of the appraisers authorized to fix the fair cash value of premises under a revaluation clause in a lease, *held* insufficient to impeach the appraisal.

4. LANDLORD AND TENANT, § 294*—*when admissions of appraiser to impeach appraisal are inadmissible.* Where an appraisal of the fair cash value of property under a revaluation clause in a lease appears to be regular on its face, admissions of an appraiser as to the method pursued in valuing the land are inadmissible.